**THE LAW OFFICE OF ROBERT L. STARR**
Robert L. Starr, State Bar No. 183052
robert@starrlaw.com
23901 Calabasas Road, Suite 2072
Calabasas, CA 91302
Voice: 818-225-9040
Facsimile: 818-225-9042

Manny Starr (319778)
manny@frontierlawcenter.com
Adam Rose (210880)
adam@frontierlawcenter.com
**Frontier Law Center**
23901 Calabasas Road, #2074
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Attorneys for Plaintiff Jose Elias Morales Aguirre
and others similarly situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ELIAS MORALES AGUIRRE, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>**VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200,** *et seq.*<br><br>**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 1750,** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jose Elias Morales Aguirre ("Plaintiff"), individually and on behalf of all other California citizens similarly situated, brings this action against Defendant American Honda Motor Corporation, Inc., ("Defendant" or "HONDA"), upon information and belief, except as to his own actions, the investigation of his counsel, and the facts that are a matter of public record, and alleges as follows:

### INTRODUCTION

1.      This consumer class action lawsuit arises out of HONDA's failure to provide a compliant California emissions warranty relating to vehicles distributed by HONDA for which HONDA has promised to provide a 15-year or 150,000-mile California emissions warranty as a condition of HONDA receiving emissions credits from the California Air Resources Board ("Class Vehicles"). Pursuant to California Code of Regulations ("CCR") Title 13, Section 1900, et seq., ("California Emissions Warranty"), in order for 15-year or 150,000-mile California Emissions Warranty to be complaint, HONDA is obligated to provide 15-year or 150,000-mile warranty coverage for all emissions-related parts, also referred to as warranted parts, as defined herein. HONDA's 15-year or 150,000 miles warranty is not compliant because HONDA has wrongfully failed to identify the engine head gasket as an emissions-related part.

2.      Pursuant to the California Emissions Warranty, and as verified by the California Air Resources Board ("CARB"), defects which increase regulated emissions in Class Vehicles are emissions-related parts and shall be covered under the California Emissions Warranty.

3.      Pursuant to the California Emissions Warranty, and as verified by CARB, defects which cause illumination of the OBD Malfunction Indicator Light (MIL) are emissions-related parts and shall be covered under the California Emissions Warranty, even if the primary function of the component whose malfunction has caused the illumination of the MIL is not emission control. (Cal.

Code Regs., tit. 13, § 2037, subd. (b)(2).) The MIL is a light located on the driver's side instrument panel that, when illuminated, is amber in color and displays "Check Engine/Powertrain," "Service Engine/Powertrain Soon," or the International Standards Organization (ISO) engine symbol. The MIL illuminates to notify the driver of detected malfunctions of OBD-monitored emissions systems on the vehicle. (Cal. Code Regs., tit. 13, § 1968.2, subds. (a), (d)(2.1.1) & (2.2.).)" Pursuant to Title 13, Section 1968.2, the MIL is not supposed to illuminate unless the vehicle's onboard diagnostic system ("OBDII" or "OBD2") has detected a defect which increases regulated emissions or has detected a defect which has caused the onboard diagnostic system to malfunction.

4.      Pursuant to the California Emissions Warranty, and as verified by CARB, defects which cause a vehicle to fail a California smog check are emissions-related parts and shall be covered under the California Emissions Warranty. Defects which cause illumination of the MIL will result in a vehicle failing a California smog check.

5.      Head gasket defects in Class Vehicles increase regulated emissions, cause the MIL to illuminate, and if a vehicle with a defective head gasket is subjected to a California smog check, the vehicle will fail a California smog check. Class Vehicles have a 15-year or 150,000 mile California Emissions Warranty. Therefore, the head gaskets in Class Vehicles should be covered for 15-year or 150,000 miles.

6.      As a result of HONDA not providing proper warranty coverage for head gaskets in Class Vehicles, Plaintiff and members of the Class and Subclasses have and are continuing to pay out of pocket for repairs that should be covered under the California Emissions Warranty. Further, as a result of HONDA not providing proper warranty coverage for head gaskets in Class Vehicles, Plaintiff and the members of the Class and Subclasses have and are continuing to suffer damage as a result of purchasing or leasing Class Vehicles with a deficient

warranty which was worth less than the warranty they were legally entitled to at the time of purchase or lease.

7.      HONDA has failed to extend California Emissions Warranty coverage to head gaskets in Class Vehicles as required by the CCR. As explained herein, this is an unlawful and unfair business practice and violates the Consumer Legal Remedies Act.

## BACKGROUND

8.      For decades, HONDA has been in the business of distributing HONDA vehicles to the State of California, with the intent to sell HONDA vehicles to consumers in California. As such, HONDA vehicles have been subject to state and federal regulations regarding both emissions standards and regarding HONDA's obligations to provide consumers with warranties relating to emissions-related parts.

9.      HONDA has received emissions credits from CARB relating to HONDA's distribution of Class Vehicles in the State of California, and contingent upon HONDA's promise to provide 15-year 150,000-mile California Emissions Warranty coverage to owners and lessees of Class Vehicles. Pursuant to the California Emissions Warranty. The 15-year warranty period is reduced to 10 years or 150,000 mile only for "a zero-emission energy storage device used for traction power (such as a battery, ultracapacitor, or other electric storage device)." Pursuant to the California Emissions Warranty, manufacturers may not deny a warranty claim that would otherwise be covered under the California Emissions Warranty unless the manufacturer can provide both that (a) The vehicle or engine has been abused, neglected, improperly maintained, or has unapproved modifications, and (b) that such abuse, neglect, improper maintenance, or unapproved modification was the direct cause of the need for the repair or replacement of the part (as stated in CCR 2037(i) and 2039).

10.     HONDA fails to comply with these statutory requirements by failing to provide 15-years or 150,000-mile California Emissions Warranty coverage to Class Vehicles for head gasket defects which cause illumination of the MIL, which cause an increase in regulated emissions, and/or which would cause a Class Vehicle to fail a smog check. Instead, HONDA has taken the stated position that engine head gaskets are not a component covered by the California Emissions Warranty, but instead only covered by the HONDA powertrain warranty. Furthermore, it is Plaintiff's information and belief that HONDA neglects to provide California Emissions Warranty coverage for numerous other emissions-related parts.

11.     HONDA is engaged in a nefarious scheme to limit its warranty exposure under the California Emissions Warranty requirements in violation of California law by unilaterally defining and wrongfully limiting the parts that should properly be identified as parts covered by the California Emissions Warranty and covered for 15-years or 150,000 mile under the CCR.

12.     HONDA's alleged efforts to comply with the California Emissions Warranty for the Class Vehicles identifies only a handful of emissions parts that HONDA contends qualify for the California Emissions Warranty's 15-year or 150,000-mile warranty coverage. That list, generated by HONDA, for its own financial benefit to save warranty costs, is woefully inadequate and incomplete and fails to identify, or provide extended warranty coverage for, *all* of the emissions-related parts that, in fact, qualify for 15-year or 150,000-mile coverage under the California Emissions Warranty.

13.     By narrowly self-defining the parts that are required to be covered under the California Emissions Warranty, HONDA is able to reduce the amount of money that it spends on warranty-related repairs, knowing that most if not all dealerships or consumers will not investigate or understand what components

should actually and correctly be covered under the California Emissions Warranty as required by the California Code of Regulations.

14.    As a result of HONDA's conduct, Plaintiff and members of the Class have paid and are continuing to pay out of pocket for head gasket repairs that should be covered under the California Emissions Warranty. As a further result of HONDA's conduct, Plaintiff and members of the Class purchased or leased vehicles with warranties which were less valuable than the warranties they were legally entitled to receive.

15.    Plaintiff's theory does not depend on the premise that CARB was deceived by the information that HONDA submitted, or that CARB ever expressed a concern about HONDA's classification of components as being covered by the California Emissions Warranty. Plaintiff is not accusing CARB of mismanagement or blaming CARB for HONDA's inaccuracy. HONDA alone is responsible for selecting and identifying to CARB the parts that HONDA has unilaterally identified as being covered by the California Emissions Warranty, as part of its application for vehicle certification. That list may be correct as far as CARB knows. But, as Plaintiff alleges, the list of parts HONDA submitted to CARB was incomplete, as evidenced by Plaintiff's own experience.

## JURISDICTION AND VENUE

16.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because: (i) members of the Class are citizens of a state different from that of HONDA; and (ii) aggregating the claims of individual Class members, the total matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. Further, 28 U.S.C. § 1332(d)(5) does not apply because (i) HONDA is not a state, state official, or other governmental entity against whom the Court may be foreclosed from

ordering relief, and (ii) the number of members of the Class in the aggregate exceeds 100.

17.     This Court has personal jurisdiction over HONDA because HONDA has sufficient minimum contacts with California, having intentionally availed itself of the California market so as to render the exercise of jurisdiction over it by this District Court consistent with traditional notions of fair play and substantial justice.

18.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because HONDA conducts business within the State of California, has failed to designate with the office of the California Secretary of State a principal place of business in California, and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

**DIVISIONAL ASSIGNMENT**

19.     Pursuant to Civil L.R. 3-2(c), the action arose in Alameda County; thus assignment to the San Francisco Division or Oakland Division is appropriate.

**PARTIES**

20.     Plaintiff Jose Elias Morales Aguirre ("Plaintiff") is, and at all times relevant hereto has been, an individual. At all times relevant, Plaintiff resided in Hollister, California, in San Benito County. The repairs that give rise to this action were performed in Alameda County to Plaintiff's 2020 Honda Accord Hybrid, VIN 1HGCV3F96LA000123 ("Plaintiff Vehicle" or "Plaintiff's Vehicle).

21.     Defendant HONDA was and is, upon information and belief, a California corporation, headquartered in Los Angeles County, at 1919 Torrance Boulevard, Torrance, California 90501. HONDA sells Class Vehicles in the State of California.

///

22.    Plaintiff reserves the right to expand, limit, modify, or amend these allegations at any time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

## SUBSTANTIVE ALLEGATIONS

23.    At all times herein relevant, Plaintiff purchased and was the owner of Plaintiff's Vehicle. Plaintiff's Vehicle was purchased by Plaintiff in the state of California and registered in the state of California.

24.    Plaintiff had been experiencing problems with Plaintiff's Vehicle. As a result, on June 7, 2022, at 127,530 miles, Plaintiff took Plaintiff's Vehicle to Dublin Honda, located at 6300 Dublin Boulevard, Dublin, California 94568 ("The Dealership"). The Dealership noted that the MIL was illuminated, that Plaintiff's Vehicle would not accelerate past 40 miles per hour, That Plaintiff's Vehicle had a bad engine vibration and that the traction light was illuminated. The Dealership found fault codes P0300, P0302 and P0304, all OBDII emissions-related fault codes. The Dealership added coolant to Plaintiff's Vehicle and cleared the fault codes. The Dealership determined that Plaintiff's Vehicle may have an internal coolant leak. Plaintiff was charged $210.00. This repair should have been covered under the California Emissions Warranty because the defects which gave rise to the diagnosis and repair were defects which increased regulated emissions, caused the illumination of the MIL and would have resulted in Plaintiff's Vehicle failing a California smog test.

25.    Plaintiff's Vehicle continued to malfunction. Plaintiff took Plaintiff's Vehicle back to The Dealership two days later. The Dealership noted that the MIL was again illuminated, and that Plaintiff's Vehicle was running rough. The Dealership found fault code P0302, an OBDII emissions-related fault code. The Dealership found that the engine had a blown head gasket which was causing coolant to leak into the combustion chamber of cylinder 2. This defect caused an increase in regulated emissions, caused a MIL to illuminate, and would have

resulted in Plaintiff's Vehicle failing a California smog test. The repair should have been covered under the California Emissions Warranty, however HONDA refused to cover the repair under the California Emissions Warranty. As a result, Plaintiff paid $2,817.64 to repair the blown head gasket of Plaintiff's Vehicle.

26.    California Code of Regulations Section 1900, *et seq*., establishes the minimum California Emissions Warranty coverage that HONDA is obligated to provide for the Class Vehicles. Plaintiff's Vehicle qualifies as a Class Vehicle, because HONDA received emissions credits for distributing Plaintiff's Vehicle.

27.    Pursuant to California Code of Regulations Section 2035, with regard to 1990 and subsequent model year vehicles, a "warranted part" is defined as "any part installed on a motor vehicle or motor vehicle engine by the vehicle or engine manufacturer, or installed in a warranty repair, which affects any regulated emission from a motor vehicle or engine which is subject to California emission standards."

28.    Furthermore, California Code of Regulations Section 2037(b) states, in relevant part: "The manufacturer of each motor vehicle or motor vehicle engine shall warrant to the ultimate purchaser and each subsequent purchaser that the vehicle or engine is:

(1)    Designed, built, and equipped so as to conform with all applicable regulations adopted by the Air Resources Board pursuant to its authority in chapters 1 and 2, part 5, division 26 of the Health and Safety Code; and

(2)    Free from defects in materials and workmanship which cause the failure of a warranted part to be identical in all material respects to the part as described in the vehicle or engine manufacturer's application for certification, including any defect in materials or workmanship which would cause the vehicle's on-board diagnostic malfunction indicator light to

illuminate, for a period of three years or 50,000 miles, whichever first occurs; and

(3)  Free from defects in materials and workmanship which cause the failure of a warranted part described in section (c) below for seven years or 70,000 miles, whichever first occurs."

29.  Furthermore, California Code of Regulations Section 2038 states

(a)  Applicability. This section shall apply to 1990 and subsequent model passenger cars, light-duty trucks, and medium-duty vehicles, and motor vehicle engines used in such vehicles required to be inspected under any California statutorily authorized motor vehicle emissions inspection and maintenance program. The warranty period shall begin on the date the vehicle is delivered to an ultimate purchaser, or if the vehicle is first placed in service as a "demonstrator" or "company" car prior to delivery, on the date it is first placed in service.

(b)  General Emissions Warranty Coverage. The manufacturer of each passenger car, light-duty truck, and medium-duty vehicle shall warrant to the ultimate purchaser and each subsequent purchaser that the vehicle or engine:

(1)  Is designed, built, and equipped so as to conform with all applicable regulations adopted by the Air Resources Board pursuant to its authority in chapters 1 and 2, part 5, division 26 of the Health and Safety Code; and

(2)  Will, for a period of three years or 50,000 miles, whichever first occurs, pass an inspection

established under section 44012 of the Health and Safety Code ("inspection").

30.     With regard to the Class Vehicles, the California Code of Regulations extends the performance and defects warranty period set forth in subdivision 2037(b)(2) and 2038(b)(2) to 15-years or 150,000 miles, whichever occurs first, except that the time period is to be 10 years for a zero-emission energy storage device used for traction power (such as a battery, ultracapacitor, or other electric storage device). Section 1962.1(D) states, in relevant part: "(D) *Extended Warranty.* Extend the performance and defects warranty period set forth in subdivision 2037(b)(2) and 2038(b)(2) to 15-years or 150,000 mile, whichever occurs first except that the time period is to be 10 years for a zero-emission energy storage device used for traction power (such as a battery, ultracapacitor, or other electric storage device)."

31.     In short, the California Code of Regulations Section 1900, *et seq.*, requires that, for Class Vehicles, all defects that would cause the vehicle's on-board diagnostic malfunction indicator light to illuminate [as defined in the California Code of Regulations section 2037(b)], that would increase the vehicle's emissions, or that would result in the vehicle not being able to pass a California smog check are warranted for *15-years* or *150,000 mile*, whichever occurs first (italics added). The 15-year warranty period is reduced to 10 years or 150,000 mile only for batteries or zero-emission energy storage devices.

32.     Under the California Code of Regulations, it is clear that this repair to Plaintiff's vehicle should have been covered for 15-years or 150,000 miles. This is because the defect increased regulated emissions, illuminated the MIL, and would have caused Plaintiff's vehicle to fail a smog test.

33.     The defects relating to the head gasket of Plaintiff's Vehicle caused fault codes which indicated that Plaintiff's Vehicle was misfiring. Misfiring increases regulated emissions. Furthermore, Plaintiff's Vehicle was burning

coolant, which results in the improper mixture and combustion of gasoline and air in the combustion chamber, which increases regulated emissions. Thus, the defective condition of the Plaintiff Vehicle does increase regulated emissions.

34.    Furthermore, the defective head gasket caused an illumination of the MIL and would cause the Plaintiff vehicle to fail a California smog check.

35.    When a part that is, or should be, covered under the California Emissions Warranty fails as described herein, it also fails to perform as described in the vehicle's application for certification under section 2037(b)(2), as further described below.

36.    HONDA has acted as alleged herein in an effort to reduce the amount of money that it spends on warranty-related repairs, knowing that most if not all dealerships or consumers will not investigate or understand what components should actually be covered under the California Emissions Warranty. HONDA's conduct is part of a systematic effort by HONDA to avoid complying with California law. If HONDA complied with the terms of California law by properly identifying all parts that are covered under the California Emissions Warranty, then HONDA dealerships would properly provide warranty coverage for covered all parts, and consumers would not have to pay out of their own pocket for said repairs.

37.    Furthermore, as a result of HONDA's intentional failure to cover head gaskets in Class Vehicles for the duration of the California Emissions Warranty's period, Plaintiff and the Class members were damaged at the time they purchased or leased a Class Vehicle. Specifically, when Plaintiff and the Class members purchased or leased a Class Vehicle, they received a vehicle with a less valuable warranty than the warranty they were entitled to because of the truncated head gaskets warranty.

38.    After Plaintiff paid for the repairs to Plaintiff's Vehicle, Plaintiff retained counsel. Plaintiff's counsel sent HONDA a letter pursuant to the

Consumer Legal Remedies Act. The letter stated that HONDA should have covered the defective head gasket of Plaintiff's Vehicle under the California Emissions Warranty because the head gasket is an emissions-related part. In response, on July 15, 2022, HONDA wrote a letter to Plaintiff's counsel, stating, "*Based upon the current information available, we determined and confirmed that the head gasket is not a component that is covered by the Emissions Warranty. This component is covered by the Powertrain Warranty, which at the time of the repair, was already expired by 67,000 miles. **As a result, we are unable to honor your client's request for reimbursement**.*"

39.     Honda's response of July 15, 2022 made it very clear that HONDA had factually researched the issue and that HONDA does not treat the head gasket as an emissions-related part. Thus, HONDA's refusal to cover the head gasket repair was the result of HONDA's contention that the applicable warranty, the Powertrain Warranty, had expired.

40.     HONDA's conduct violates California's unfair business practices statute, California Business and Professions Code Sections 17200 *et seq*. (the "UCL").

41.     HONDA's conduct violates California's Consumer Legal Remedies Act, California Civil Code Sections 1750, *et seq*. ("CLRA").

42.     Plaintiff and other Class members have suffered damage as a result of HONDA's wrongful, unfair, and unlawful conduct.

43.     Plaintiff's action seeks injunctive relief and declaratory relief, declaring that HONDA's current and past practices as alleged herein do not comply with the CCRs and with the California Emissions Warranty laws, compelling HONDA to properly and fully identify that head gaskets in Class Vehicles should be covered by the California Emissions Warranty, compelling HONDA to identify the correct warranty period for head gaskets, and compelling HONDA to provide warranty coverage for head gaskets pursuant to the California

Emissions Warranty. The recovery of out-of-pocket expenses is restitution, not damages, and is ancillary to Plaintiff's primary goal of obtaining declaratory relief and/or requiring Defendant to properly and fully comply with the California Emissions Warranty as described herein.

44.     Many Class members still own Class Vehicles and in the future will need to repair or replace the head gaskets in their vehicle while the vehicles are still within the 15-year and 150,000-mile California Emissions Warranty period. At this time, with regard to the Class Vehicles, HONDA is refusing to provide California Emissions Warranty coverage for head gaskets.

## CARB DECLARATON

45.     CARB has provided a Declaration from Allen Lyons, who, at the time the Declaration was made, was the Chief of the Emissions Certification and Compliance Division of CARB regarding the California Emissions Warranty. The Declaration (hereinafter, the "CARB Declaration") was made "for the sole purpose of educating the Courts about CARB's interpretation and implementation of California's warranty requirements." The CARB Declaration sets forth CARB's interpretation of certain of the foregoing CCR provisions, including how to define a "warranted part" for purposes of the California Emissions Warranty.

46.     The CARB Declaration states, in relevant part, that "warranted parts" under the California Emissions Warranty "include any components that can or are required to illuminate the OBD Malfunction Indicator Light (MIL) in the event of a malfunction, even if the primary function of the component is not emission control, within the warranty period. (Cal. Code Regs., tit. 13, § 2037, subd. (b)(2).) The MIL is a light located on the driver's side instrument panel that, when illuminated, is amber in color and displays "Check Engine/Powertrain," "Service Engine/Powertrain Soon," or the International Standards Organization (ISO) engine symbol; the MIL illuminates to notify the driver of detected malfunctions

of OBD-monitored emissions systems on the vehicle. (Cal. Code Regs., tit. 13, § 1968.2, subds. (a), (d)(2.1.1) & (2.2.).)"

47.    As further alleged herein, HONDA has systemically failed to follow the foregoing standards. HONDA has engaged in a custom and practice of completely disregarding its obligations under the CCRs with respect to the California Emissions Warranty.

48.    Specifically, Defendant has an obligation under the California Emissions Warranty to identify all emissions-related vehicle components for which there should be warranty coverage. As a custom and practice, HONDA has interpreted this obligation too narrowly, resulting in HONDA wrongfully failing to identify numerous vehicle components as emissions-related vehicle components under the California Emissions Warranty, including, but not limited to, head gaskets.

49.    The CARB Declaration also clarifies the standard for determining whether a warranted part is emissions-related. According to CARB, as set forth above, any vehicle part that causes the MIL to illuminate and/or affects regulated emissions is an emissions-related part under the California Emissions Warranty law. This is not the standard that HONDA has been using.

50.    Based on the CARB Declaration, HONDA is required to provide coverage for all components whose failure: (1) affects any regulated emission from a motor vehicle; and (2) can or are required to illuminate the MIL, even if the primary function of the component is not emissions control. The California Code of Regulations mandates that the purpose of the MIL is to notify the driver of defective malfunctions of the OBDII monitored emissions systems of the vehicle; and/or failures which will cause a vehicle to fail a smog test as mandated by the California Health and Safety Code.

51.    HONDA, as a matter of custom and practice, has failed to identify as covered components all components which can or are required to illuminate the

1   MIL. Furthermore, HONDA fails to identify all components whose failure affects

2   a regulated emission.

3       52.    HONDA has the ability to determine what component failures result

4   in the MIL illuminating. Furthermore, California Code of Regulations Section

5   1968.2 specifically mandates that the MIL should not illuminate unless there is an

6   emissions-related defect, and the regulations mandate that if a component's failure

7   can or does cause the MIL to illuminate, coverage under the California Emissions

8   Warranty follows. Yet, HONDA does not provide the required coverage.

9             **HEAD GASKETS ARE EMISSIONS-RELATED PARTS**

10      53.    On information and belief, HONDA's own documents, including

11  HONDA's OBDII summaries which identify OBDII fault codes and correlating

12  vehicle components which could cause the OBDII fault code to manifest,

13  submitted to CARB as part of the vehicle certification process, identify the

14  specific fault codes relating to head gaskets that directly correlate with increased

15  emissions and confirm an emissions-related defect. Also, as confirmed by the

16  HONDA's OBDII summaries, these fault codes cause the OBDII MIL to be

17  illuminated. The fault codes identified in HONDA's OBDII summaries confirm

18  which defective parts will give rise to the OBDII fault codes.

19      54.    As explained above, all of the Class Vehicles are equipped with an

20  OBDII onboard diagnostic system. The system uses sensors to gather data which

21  is evaluated using OBDII fault code logic. If the OBDII logic determines that the

22  data is outside of an acceptable range, a fault code is triggered, identifying a defect

23  which increases regulated emissions. When HONDA seeks certification of

24  vehicles for distribution in California, HONDA is required, pursuant to 13 CCR

25  1968.2, to provide CARB with all of HONDA's OBDII fault codes and the

26  corresponding logic. Accordingly, when a part that is, or should be, covered under

27  the California Emissions Warranty fails, triggering an OBDII fault code, it fails to

28  perform as described in the vehicle's application for certification. Upon

information and belief, these fault codes are submitted to CARB by HONDA as "OBD2 Summary Tables". HONDA submitted OBD2 Summary Tables or similar documents to CARB for every Class Vehicle and for every model year that the vehicles were certified for sale in California and that are at issue in this case.

55.    The OBD2 Summary Tables identify the Components/Systems monitored by OBDII, the acceptable ranges relating to the data gathered, the corresponding emissions fault codes and that the MIL will be triggered when a defect is identified. The purpose of the OBDII system, as confirmed in the CCR, is specifically to monitor emissions-related components. This is why HONDA is required to develop a compliant OBDII system which identifies emissions-related defects, triggering a fault code and a MIL. The fault codes are used to assist technicians in repairing the vehicles, whereas the MIL is used to alert the driver of a defect. This means that every defect that triggers the emissions fault codes identified by HONDA in the OBD2 Summary Tables and the MIL is, by definition, an emissions-related defect. The OBD2 Summary Tables, among other documents, identify the parts that have not already been identified as emissions-related parts by HONDA in its warranty books but which, when defective, can or do trigger an emissions fault code and result in illumination of the MIL.

56.    Therefore, HONDA is required to cover under the California Emissions Warranty any defect that triggers a fault code identified by HONDA in its OBD2 Summary Tables submitted to CARB or that should properly be identified on the OBD2 Summary Tables, because such a defect affects regulated emissions.

57.    A defect in the head gaskets that triggers emissions fault codes in the OBDII system and identified on the OBD2 Summary Tables will also cause the MIL to illuminate.

58.    The foregoing framework and analysis addresses and precludes any potential "slippery slope" argument or concern that every vehicle part could

potentially be "emissions-related." This litigation is not dependent on the assertion that "emissions-related parts" are defined as every part in the OBDII system. Rather, this litigation asserts that there should be California Emissions Warranty coverage, at the very least, for the parts, components, or systems whose defects trigger fault codes identified on the OBD2 Summary Tables and cause the MIL to be illuminated. This includes head gaskets installed on Class Vehicles. This is because said parts undeniably are "emissions-related" and fail in a manner that increases regulated emissions.

59.    HONDA knows which fault codes these are because HONDA is required to provide to CARB all the fault codes that trigger a MIL and the specific emissions-related conditions that trigger the fault codes as set forth in the OBD2 Summary Tables. Further, as confirmed in the CARB Declaration, emissions-related parts include any components that "can" or are required to illuminate the MIL in the event of a malfunction, even if the primary function of the component is not emissions control.

### "Appendix B" Parts

60.    Similar to 13 CCR section 2035, 13 CCR Section 2601(i) states that an "'Emissions-related part' means any vehicle part which affects any regulated emissions from a vehicle that is subject to California or federal emissions standards and includes, but is not limited to, those parts specified in the 'Emissions-Related Parts List,' adopted by the State Board on November 4, 1977, as last amended June 1, 1990."

61.    Similarly, 13 CCR Section 1900(b)(3) states that "'Emissions-related part' means any automotive part, which affects any regulated emissions from a motor vehicle which is subject to California or federal emission standards. This includes, at a minimum, those parts specified in the 'Emissions-Related Parts List,' adopted by the State Board on November 4, 1977, as last amended June 1, 1990."

62.    The "Emissions-Related Parts List" is contained at 13 CCR Appendix B which states that "The following list of components are examples of emission related parts as defined in Section 1900(b)(3), Chapter 3, Title 13, California Code of Regulations." Emphasis added. Therefore, HONDA is required to cover as "emissions-related" parts under the California Emissions Warranty (in addition to the MultiAir Actuator), any vehicle part specifically identified on Appendix B.  As confirmed in the CARB Declaration, in Appendix B, and in the Regulations, "emissions-related parts" are not limited to the emissions control system only.

63.    Head gaskets should be covered under the California Emissions Warranty because this part affects regulated emissions as alleged herein, and because *cylinder heads are explicitly identified as emissions-related parts on Appendix B.* The cylinder head gasket is an integral component of of the cylinder head assembly.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

64.    Plaintiff re-alleges and incorporates by reference each allegation set forth above.

65.    Plaintiff brings this action on his own behalf, as well as on behalf of all Class members similarly situated, pursuant to Federal Rules of Civil Procedure Rules 23(a), (b)(1), (2) and/or (3) and/or (c)(4).

66.     Plaintiff reserves the right to redefine the Class and Subclasses and to add subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

67.    HONDA's California Emission Warranty applies to vehicles purchased and registered in States which, in the year the vehicle was distributed, had adopted the California Emissions Warranty, i.e., "Reg. 177 States" or "Section 177 States".

68.    Defendant's emissions warranty representations arise out of California law that Defendant must apply outside of California to the vehicles in

the States listed. Accordingly, Defendant's conduct was specifically intended to have effects outside of California and was specifically intended to apply to vehicles and members of the Classes in those States that Defendant chose to include by the express terms of the California Emissions Warranty.

69.     Under these unique circumstances, California has a specific interest in regulating conduct outside of California that specifically invokes California emissions requirements and California emissions regulations and has an interest in preventing illegal practices that involve breach of California Emissions Warranty law that Defendant has chosen to invoke outside of California in the States covered by the Reg. 177 Class and Subclass. As Defendant seeks to apply the California Emission System Warranty to members of the Classes and vehicles in the listed States outside of California, members of the Classes in those States likewise should be included in a claim that seeks to vindicate their rights under that same warranty in California and should have the ability to have their rights under that warranty asserted in California and pursuant to California law.

70.     HONDA's own express application of the California Emissions Warranty constitutes a sufficient connection between California and out-of-state potential Class members. Further, HONDA's misconduct, namely, its failure to identify all emissions-related warranted parts to CARB, a California regulator, occurred in California, and even out-of-state purchasers were harmed by HONDA's conduct that occurred in California. HONDA failed to disclose, in its submissions to CARB, the parts that are properly covered by the California Emissions Warranty, including, but not limited to, head gaskets.

71.     As alleged herein, HONDA is solely responsible for selecting and identifying to CARB all of the parts that should be classified as emissions warranted parts, and HONDA failed to include head gaskets and other components. Californians and out-of-state potential Class members in the additional States covered by the California Emissions Warranty suffered an

identical harm – they were forced to pay the costs of head gaskets diagnosis, repair, or replacement, which should have been covered under the California Emissions Warranty, and were provided with warranties which were less valuable than the warranties they were legally entitled to at the time they purchased or leased their Class Vehicle. Under these unique circumstances, California has the greater interest in applying California's consumer laws to enforce compliance with the California Emissions Warranty than the other States have in using their consumer laws to enforce the same Regulation. California has a specific interest in regulating conduct outside of California that specifically invokes California emissions requirements and regulations, and California has an interest in preventing illegal practices that involve breach of California emissions law that Defendant has chosen to invoke outside of California in the specific States covered. California also has a supreme interest in applying its own consumer protection laws in ensuring that the California Emissions Warranty is properly interpreted and applied wherever HONDA has chosen to invoke it.

72.    Under the facts of this specific case, the law of California should be applied because California's interest would be more impaired if its consumer laws to enforce the California Emissions Warranty were subordinated to consumer laws of the other States to which HONDA has chosen to apply the requirements of the California Emissions Warranty. Other jurisdictions' interests in applying their own consumer protection laws to their own residents do not strongly outweigh the interest California has in applying its consumer protection laws to enforce the California Emission Warranty with respect to the specific potential out-of-state members of the Classes identified herein. Therefore, the Classes alleged herein include persons who purchased or leased Class Vehicles that are registered in States other than California.

73.    There is sufficient similarity among all the Class Vehicles and HONDA's conduct as defined herein in that, among other things, all of the

1    vehicles in the proposed Classes are subject to the same California Emissions

2    Warranty and the same requirements that HONDA report all emissions-related

3    defects to CARB pursuant to the CCR. HONDA has acted in a uniform manner

4    with respect to all Class Vehicles by failing to properly cover head gaskets in the

5    Class Vehicles as required under the California Emissions Warranty and as

6    described herein.

7        74.    Accordingly, Plaintiff's proposed Class and Subclasses consist of and

8    are defined as follows:

9    California Class and Subclass:

10           All persons in the State of California who have been
11           owners or lessees of Class Vehicles and whose head
             gaskets are not covered for 15-years or 150,000 mile (the
12           "California Class").

13           All persons in the State of California who have been
14           owners or lessees of Class Vehicles and who have paid
             for repairs and parts pertaining to head gaskets which
15           occurred prior to 15-years or 150,000 mile (the
             "California Out-of-Pocket Subclass").

16    Reg. 177 Class and Subclass:

17           All persons who have been owners or lessees of Class
18           Vehicles in a State which, in the year their vehicle was
             distributed, had adopted the California Emissions
19           Warranty (i.e., "Reg. 177 States" or "Section 177 States)
             who have been owners or lessees of Class Vehicles and
20           whose head gaskets are not covered for 15-years or
21           150,000 mile (the "Reg. 177 Class").

22           All persons who have been owners or lessees of Class
23           Vehicles in a State which, in the year their vehicle was
             distributed, had adopted the California Emissions
24           Warranty (i.e., "Reg. 177 States" or "Section 177 States)
             who have been owners or lessees of Class Vehicles and
25           who have paid for repairs and parts pertaining to head
26           gaskets which occurred prior to 15-years or 150,000 mile
             (the "Reg. 177 Out-of-Pocket Subclass").

27           Excluded from the Classes and Subclasses are Defendant,
28           and its subsidiaries and affiliates; its current and former

officers, directors, and employees (and members of their immediate families); and the legal representatives, heirs, successors or assigns of any of the foregoing. Also excluded are any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

75.    Plaintiff's primary goal on behalf of the Classes is to obtain injunctive relief requiring HONDA to comply with the California Emissions Warranty and declaratory relief with respect to the proper interpretation of the California Emissions Warranty and HONDA's obligations pursuant to the CCRs and the California Emissions Warranty. Plaintiff's claim for monetary relief is secondary to his claim for injunctive or declaratory relief. Even in the absence of possible monetary recovery, Plaintiff would bring this action to obtain the injunctive and declaratory relief sought. Any monetary relief that would flow to the members of the Classes would be ancillary to the injunctive or declaratory relief obtained.

76.    On behalf of the members of the Classes, Plaintiff seeks declaratory judgment/relief pursuant to 28 U.S.C. section 2201 et seq as to, *inter alia*, (1) that the head gaskets in the Class Vehicles is an 'emissions-related part'; (2) that HONDA has used, and continues to use, the wrong or incorrect standards for identifying "emission-related" parts under the California Emissions Warranty; (3) that HONDA failed and is failing to properly identify and warrant under the California Emissions Warranty all of the parts, components or systems in addition to the head gaskets, that should have been properly covered for emissions-related defects as identified, *inter alia*, per the fault codes on the Class Vehicles OBD2 Summaries described herein, per Appendix B to the CARB regulations; and/or, (4) that Plaintiff and members of the Classes are entitled to warranty coverage under the California Emissions Warranty for head gaskets in Class Vehicles.

77.    On behalf of the members of the Classes, Plaintiff seeks reimbursement or restitution for the out of pocket expenses, including diagnostic

fees for amounts wrongfully paid by Plaintiff and members of the Classes relating to head gasket repairs that should have been covered by the HONDA's California Emissions Warranty during the Class periods. Plaintiff's claim for restitution is distinct from his claim for damages. The damages claim seeks, inter alia, the diminished value of a California Emissions Warranty that does not cover head gaskets, which should have been included in the California Emissions Warranty. Moreover, Plaintiff does not seek the same sum in restitution as he seeks in damages, and the two remedies do not compensate for the same harm. The restitutionary remedy, which seeks out of pocket reimbursement, will not compensate Plaintiff and members of the Classes for damages incurred due to the Class Vehicles having a California Emissions Warranty that has less value because the Warranty does not properly cover head gaskets and will not compensate for the excess amounts and profits that HONDA pocketed due to its misconduct and in being able to avoid paying warranty claims that should have been covered under the California Emissions Warranty.

78.     Further, the harm suffered by Plaintiff and members of the Classes and perpetrated by HONDA, is not adequately compensable with damages. The entire purpose of the California Emissions Warranty is to protect the environment. The California Emissions Warranty was enacted by the State of California to restrict harmful greenhouse gas from gasoline and hybrid gasoline engines. The fundamental purpose of the emissions requirements is to reduce emissions, limit fuel consumption and increase fuel efficiency, by forcing manufacturers to repair and/or replace failed emissions-related vehicle components under warranty, thereby decreasing greenhouse gas emissions, including carbon dioxide emissions.

79.     Indeed, motor vehicle use is the single greatest source of U.S. air pollution and is the cause of more air pollution than any other human activity. (Cars, Fuels, and Clean Air: A Review of Title II of the Clean Air Act Amendments of 1990 (1991) 21 Envtl. L. 1947, 1949). Many of these pollutants

CLASS ACTION COMPLAINT

consist of hydrocarbons and nitrous oxides which react to form photochemical oxidants in the atmosphere. The most notorious of these photochemical oxidants is ozone – the primary component of urban smog. (California Air Resources Bd., Staff Report: Proposed Regulations for Low-Emission Vehicles and Clean Fuels (Aug. 13, 1990) at p. 3). Cars also produce nearly two-thirds of all carbon dioxide emissions. Carbon dioxide content in the atmosphere is closely linked to global temperature because the temperature of the Earth is primarily determined by the balance between its absorption of energy from the Sun, and the reflection of a portion of this energy back into space. Carbon dioxide – a greenhouse gas – traps the energy and heat which would have otherwise escaped back into space, and re-emits it, causing the warming of our atmosphere. This process is known as the "greenhouse effect."

80.    Therefore, the State of California highly regulates emissions from gasoline and hybrid gasoline engines, specifically greenhouse gas emissions. In September 1990, pursuant to its broad authority to regulate and reduce environmentally harmful vehicle emissions under Health and Safety Code §§ 43013(a) and 43205, CARB submitted, and the Legislature adopted, California Code of Regulation §§ 2035, et seq., which requires all manufacturers to provide a statutorily compliant emissions warranty to all vehicles distributed and registered in California.

81.    In September 2004, CARB approved the "Pavley" Greenhouse Gas Regulations to control greenhouse gas emissions from new LEV II vehicles beginning with the 2009 model year. These Greenhouse Gas Regulations added four greenhouse gas air contaminants to the vehicular criteria and toxic air contaminant emissions that California was already carbon dioxide ($CO_2$), methane ($CH_4$), nitrous oxide ($N_2O$), and hydrofluorocarbons (air conditioner refrigerants). The State and federal government have specifically focused on regulating greenhouse gas emissions, including carbon dioxide emissions. If a gas vehicle

has a defect which increases fuel consumption, that defect increases carbon dioxide emissions.

82.    Notwithstanding State and federal regulations designed to protect our air, monitoring shows that over 90 percent of Californians breathe unhealthy levels of one or more air pollutants during some part of the year. Despite CARB's best efforts, in 2020, "there were 157 bad air days for ozone pollution—the invisible, lung-searing gas in smog—across the vast, coast-to-mountains basin spanning Los Angeles, San Benito, Riverside and San Bernardino counties. That's the most days above the federal health standard since 1997." (Barboza, Tony (Dec. 6, 2020) L.A. Began 2020 With A Clean-Air Streak but Ended with Its Worst Smog in Decades, Los Angeles Times [https://www.latimes.com/42alifornia/story/2020-12-06/2020-laair-quality-southern-california-pollution-analysis].) One of the reasons that our environment is in such a state of crisis is that corporations are not following our very thoroughly formulated rules.

83.    Accordingly, damages are inadequate to compensate for the foregoing harms caused by HONDA's violation, and continuing violation, of the California Emissions Warranty. Money damages will not fix the harm caused by Defendant's violation of emissions laws, which requires equitable relief.

84.    Further, HONDA and car manufacturers should not be able to shirk their legal responsibilities simply by paying damages. Simply paying off consumers undermines the entire purpose of the California Emissions Warranty and will leave HONDA in the position of being able to continue to violate the law and increase harmful vehicle emissions by just paying damages. Ironically, this result will leave Plaintiff and members of the Classes in an even worse position than by simply receiving monetary compensation alone.

85.     Moreover, payment of damages does not ensure that the emissions parts will actually be repaired. That result will only be ensured by forcing HONDA to cover the repair under the California Emissions Warranty as required.

86.     Further, equitable relief is required because damages alone will not be sufficient for Class members to identify all parts whose defects result in fault codes identified in the OBD2 Summaries being triggered. Only HONDA has done the analysis and knows the fault code logic that would allow for identification of all required fault codes to CARB and all parts that give rise to those fault codes so that those parts can be identified and properly covered under the California Emissions Warranty. In effect, Plaintiff's request for equitable relief is the only way to get HONDA to do what it is required to do.

87.     There are common questions of law and fact as to members of the Class and Subclasses that predominate over questions affecting only individual members, including, but not limited to:

(a)     Whether HONDA has failed and is failing to acknowledge that the head gaskets installed in the Class Vehicles should be covered under the 15-year, 150,000-mile California Emissions Warranty, pursuant to California law;

(b)     Whether HONDAs failure to comply with the California Emissions Warranty by failing to provide a 15-year, 150,000-mile California Emissions Warranty for the head gaskets installed in the Class Vehicles damaged Class members when they purchased or leased a Class Vehicle with a less valuable warranty than they were entitled to;

(c)     Whether HONDA has engaged in and is engaging in a systematic business practice of failing to identify that the head gaskets installed in the Class Vehicles should be covered under the 15-year, 150,000-mile California Emissions Warranty, pursuant to California law;

(d)     Whether HONDA's conduct is an unlawful and unfair business
practice in violation of California Business & Professions Code
section 17200, *et seq*.;

(e)     Whether HONDA's conduct Violates the Consumer Legal Remedies
Act, California Civil Code Section 1750, *et seq*.;

(f)     Whether Plaintiff and Class members are entitled to declaratory and
injunctive relief regarding HONDA's failure to identify that the head
gaskets installed in the Class Vehicles should be covered under the
15-year, 150,000-mile California Emissions Warranty, pursuant to
California law;

(g)     The appropriate remedy for HONDA's violations of California law.

88.     There is a well-defined community of interest in the litigation and the
Class members are readily ascertainable:

(a)     Numerosity: The Class members are so numerous that joinder of all
Class members would be unfeasible and impractical. The
membership of the entire Class is unknown to Plaintiff at this time;
however, the Class is estimated to be greater than one hundred (100)
individuals and the identity of such membership is readily
ascertainable by inspection of Defendant's records.

(b)     Typicality: Plaintiff is qualified to, and will, fairly and adequately
protect the interests of each Class member with whom he has a well-
defined community of interest, and Plaintiff's claims (or defenses, if
any) are typical of all Class members as demonstrated herein.

(c)     Adequacy: Plaintiff is qualified to, and will, fairly and adequately
protect the interests of each Class member with whom he has a well-
defined community of interest and typicality of claims, as
demonstrated herein. Plaintiff acknowledges that he has an obligation
to make known to the Court any relationship, conflicts or differences

1   with any Class member. Plaintiff's attorneys, the proposed Class
2   counsel, are versed in the rules governing class action discovery,
3   certification, and settlement. Plaintiff has incurred, and throughout
4   the duration of this action, will continue to incur costs and attorneys'
5   fees that have been, are, and will be necessarily expended for the
6   prosecution of this action for the substantial benefit of each Class
7   member.

8   (d)    Superiority: The nature of this action makes the use of class action
9          adjudication superior to other methods. A class action will achieve
10         economies of time, effort, and expense as compared with separate
11         lawsuits, and will avoid inconsistent outcomes because the same
12         issues can be adjudicated in the same manner and at the same time for
13         the entire class.

14                **TOLLING OF THE STATUTE OF LIMITATIONS**

15   89.    HONDA has engaged in misleading and dishonest conduct relating to
16   its failure to identify all of the parts, including head gaskets, that should be
17   covered pursuant to the California Code of Regulations regarding the California
18   Emissions Warranty. Despite acting diligently, Plaintiff and Class members lacked
19   the resources and had no realistic ability to identify the specific parts that should
20   have been covered. Plaintiff and Class members cannot be reasonably expected on
21   their own to learn or discover what parts should be covered under the California
22   Emissions Warranty. Therefore, the discovery rule is applicable to the claims
23   asserted by Plaintiff and Class members, and the statute of limitations for bringing
24   the claims set forth herein should be tolled.

25   90.    HONDA has actual and constructive knowledge that it is violating
26   California law by failing to identify all of the parts that should be covered under
27   the California Emissions Warranty. HONDA has concealed from Plaintiff and
28   Class members that HONDA is violating California law as set forth herein. Any

applicable statute of limitation is tolled by HONDA's wrongful conduct set forth herein, and HONDA is estopped from relying on any statute of limitation because of its conduct as set forth herein.

**FIRST CAUSE OF ACTION**

**Violation of California Unfair Competition Law**

**(Cal. Bus. & Prof. Code §§ 17200, *et seq*.)**

**By Plaintiff, the California Class, and the Reg. 177 Class Against Defendant**

91.     Plaintiff re-alleges and incorporates by reference each allegation set forth above.

92.     California Business and Professions Code section 17200, *et seq*. (the "UCL") prohibits "any unlawful, unfair or fraudulent business act or practice." HONDA has committed acts of unfair competition proscribed by the UCL, including the acts and practices alleged herein.

93.     The UCL imposes strict liability. Plaintiff need not prove that HONDA intentionally or negligently engaged in unlawful or unfair business practices – only that such practices occurred.

94.     HONDA is a "person" as defined by Business & Professions Code § 17201.

95.     As a direct and proximate result of HONDA's acts and practices in violation of the UCL, Plaintiff and members of the California Class and the Reg. 177 Class have suffered injury in fact and lost money or property as set forth above and will continue to do so.

**Unlawful Prong**

96.     A business practice is "unlawful" under the UCL if it is forbidden by law or regulations, including the standard of professional conduct.

97.     The violation of any law or regulation may serve as the predicate for a violation of the "unlawful" prong of the UCL.

98.    HONDA's conduct is unlawful because it violates the California Code of Regulations, including the requirement under the California Code of Regulations, by failing to provide coverage under the California Emissions Warranty.

99.    HONDA's conduct violates California Code of Regulations section 1900, *et seq.*, because HONDA fails to identify head gaskets as a part that should be covered under the 15-year/150,000-mile California Emissions Warranty.

100.    HONDA's conduct is unlawful because it fails on a systemic and class wide basis to provide coverage for head gaskets installed in the Class Vehicles for 15-years or 150,000 mile, as required pursuant to CCR Section 1900, *et seq.*

**101.**    HONDA's acts of unlawful competition as set forth above present a continuing threat and will persist and continue to do so unless and until this Court issues appropriate injunctive relief. Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*, C.C.P. § 1021.5.

### Unfair Prong

102.    An act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided. An act or practice also is unfair if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. An act or practice also is unfair if Plaintiff's claims are "tethered" to specific constitutional, statutory, or regulatory provisions. HONDA's conduct violates all of these definitions.

103.    As alleged above, HONDA engages and has engaged in a systematic business practice of failing to identify for consumers and its factory authorized repair facilities that the head gaskets installed in the Class Vehicles are covered by the California Emissions Warranty. HONDA does this in an effort to reduce the

amount of money that HONDA spends on warranty-related repairs knowing that it would be very difficult if not impossible for most consumers to discover this unlawful conduct. If HONDA complied with California law and properly identified that the head gaskets installed in the Class Vehicles should be identified as covered under the 15-years, 150,000 mile California Emissions Warranty, then HONDA dealerships would properly provide warranty coverage for said parts.

104.   Further, HONDA's conduct is unfair because it refuses to provide warranty coverage for head gaskets installed in the Class Vehicles pursuant to the California Emissions Warranty for 15-years or 150,000 mile for the sole purpose of wrongfully limiting its warranty claims, with no regard for the fact that the public is being forced to pay for repairs which should be covered under the 15-year 150,000-mile California Emissions Warranty, or that the public is being provided with a warranty that is less valuable than the warranty they are legally entitled to at the time of purchase or lease of their Class Vehicle. Plaintiff and members of the Class have wrongfully been denied warranty coverage at service centers throughout California and have suffered injury in fact and a loss of money or property as a result of HONDA's unfair business acts and practices as set forth in detail.

105.   HONDA's failure to properly identify that head gaskets installed in Class Vehicles should have been covered under the 15-year, 150,000-mile California Emissions Warranty is a uniform and systematic statewide business practice on the part of HONDA to minimize the amount of money that HONDA has to pay out in warranty claims. This conduct violates California law.

106.   All of the acts and practices of HONDA as described in this complaint constitute "unfair" business acts and practices. A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims. Plaintiff has suffered injury in fact and a loss of money or property as a

result of HONDA's unfair business acts and practices as set forth herein in detail. It is Plaintiff's information and belief that Class members have also suffered injury as a result of HONDA's wrongful conduct.

107.   As a direct and proximate result of HONDA's acts and practices in violation of the UCL, Plaintiff and members of the Class have paid out of pocket to repair or replace emissions components that should have been covered by HONDA under the 15-year 150,000-mile California Emissions Warranty. Forcing consumers to pay out of pocket to repair or replace vehicle components that should be covered under warranty is clearly unfair.

108.   As a direct and proximate result of HONDA's acts and practices in violation of the UCL, Plaintiff and members of the Class have purchased or leased Class Vehicles which provided inadequate, truncated, and less valuable warranty coverage to the head gaskets than they were legally entitled to, as alleged herein. Failing to provide customers with California Emissions Warranty coverage for fuel injector defects in Class Vehicles which increase regulated emissions, in violation of the CCR, is clearly unfair.

109.   HONDA's conduct does not benefit consumers or competition. Plaintiff and Class members could not reasonably avoid the injury each of them suffered or will suffer, which injury is substantial. HONDA's conduct only benefits HONDA, by enabling HONDA to avoid having to pay warranty claims for defective head gaskets in Class Vehicles which should be covered by the 15-year 150,000-mile California Emissions Warranty.

110.   The gravity of the consequences of HONDA's conduct as described above outweighs the justification, motive, or reason and therefore, is immoral, unethical, and unscrupulous, and offends established public policy that is tethered to legislatively declared policies as set forth in the laws detailed above, or is substantially injurious to the public, for the reasons set forth above.

1
2
3
4
5

**111.**   HONDA's conduct also offends established public policy that is tethered to legislatively declared policies as set forth in the laws detailed above, including California laws and regulations regarding California's Emission Control System Warranty Requirements, or is substantially injurious to the public, for the reasons set forth above.

6
7
8
9

**112.**   To the extent that any definition of "unfair" requires a balancing test or weighing various factors, such an inquiry is fact intensive and requires a full factual record as to HONDA's justification and motives for its conduct, and as to the impact of HONDA's conduct on Plaintiff and Class members.

10
11
12
13

113.   HONDA's acts of unfair competition as set forth above present a continuing threat and will persist and continue to do so unless and until this Court issues appropriate injunctive relief. Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*, C.C.P. § 1021.5.

14

**SECOND CLAIM FOR RELIEF**

15

**Violation of California Consumers Legal Remedies Act**

16

**(Cal. Civil Code § 1750, *et seq*.)**

17
18

114.   Plaintiff re-alleges and incorporates by reference each allegation set forth above.

19
20
21
22
23
24
25
26
27

115.   HONDA has violated Section 1770 of the California Consumers Legal Remedies Act, Cal. Civ. Code Section 1750, *et seq*. (the "CLRA"). The violation results from HONDA's failure to keep its promise to the State of California, and members of the Classes, including Plaintiff, that it would honor the terms of the HONDA warranty, and by doing so, that it would honor the terms of the California Emissions Warranty and the CCR. Furthermore, the HONDA warranty book provided by HONDA to consumers, including Plaintiff, specifically references the California Emissions Warranty, and both inferentially and specifically represents that it will honor the terms of the CCR, however

28

HONDA has refused, and continues to refuse to honor the terms of the CCR, as stated herein.

116.   Plaintiff is a consumer who was wrongfully required to pay for repairs which should have been paid for by HONDA pursuant to the CCR. The Vehicle was presented by Plaintiff for repairs at HONDA authorized repair facilities, in compliance with the terms and conditions of the HONDA warranty. The Vehicle required repairs which should have been covered pursuant to the CCR, based upon the Vehicle's mileage and age. HONDA wrongfully failed and refused to pay for the warranty repairs due to the unlawful pattern and practice set forth herein. Thus, Plaintiff suffered damage.

117.   HONDA knows that it is violating the terms of the CCR, however HONDA intentionally violates the CCR in order to save money. Plaintiff and members of the Classes are generally unaware of the terms and scope of the CCR, thus HONDA is able to get away with said wrongful conduct. As a result, Plaintiff and members of the Classes have suffered damage. HONDA engages in a systemic pattern of denying warranty claims under the CCR by failing to properly identify and provide coverage for all parts that should be covered under the California Emissions

118.   Plaintiff and members of the Classes have presented Class Vehicles to HONDA authorized repair facilities for repairs that should have been covered under the California Emissions Warranty, but coverage has been wrongfully denied to them. As a result, Plaintiff and members of the Classes have thus suffered damage. Plaintiff brings this claim on behalf of Plaintiff and members of the Classes.

119.   HONDA's conduct in warranting, advertising, leasing, selling and distributing Class Vehicles in the State of California, while at the same time knowingly and wrongfully failing to honor the terms of the California Emissions Warranty, constitutes the following violations of Section 1770:

(a)    HONDA represents and has represented that Class Vehicles sold and leased have characteristics or benefits which they did not have (in violation of Section 1770(a)(5));

(b)    HONDA has falsely represented that Class Vehicles sold and leased were of a particular standard, quality, or grade when they were of another (in violation of Section 1770(a)(7)); and,

(c)    HONDA advertised Class Vehicles that have been sold and leased with the intent not to sell them as advertised (in violation of Section 1770(a)(9)).

120.   Civil Code section 1780(a) provides that any consumer who suffers damage as a result of a violation of the Consumer Legal Remedies Act may bring an action to recover: 1) actual damages, but in no case shall the total award of damages in a class action be less than $1,000; 2) an order enjoining the methods, acts, or practices; 3) restitution of property; 4) punitive damages; and 5) any other relief that the court deems proper.

121.   Civil Code section 1781 provides that Plaintiff may pursue this case as a class action.

122.   Plaintiff requests injunctive relief pursuant to Civil Code 1782(d).

123.   Plaintiff is entitled to attorney fees pursuant to Civil Code section 1780(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against HONDA as follows:

(a)    An order certifying the proposed Classes, designating Plaintiff as named representative of the Classes, and designating the Plaintiff's Counsel as Class Counsel;

(b)    A declaration that HONDA is financially responsible for notifying all members of the Classes about the wrongful conduct set forth herein; that

1    HONDA's conduct as alleged herein violates the California Emissions Warranty

2    including, without limitation, that HONDA has used, and continues to use, the

3    wrong or incorrect standards for identifying which parts should be covered under

4    the California Emissions Warranty; that HONDA failed and is failing to properly

5    identify and warrant under the California Emissions Warranty all of the parts,

6    components or systems as defined and limited that should have been properly

7    covered for "emissions-related" defects as identified, *inter alia*, per the fault codes

8    on the Class Vehicles OBD2 Summaries described herein, per Appendix B of the

9    CARB regulations; and/or that Plaintiff and the members of the Classes are

10   entitled to warranty coverage under the California Emissions Warranty for head

11   gaskets in Class Vehicles.

12          (c)    An order requiring HONDA to, *inter alia*,  (1) review its warranty

13   books for all Class Vehicles and properly identify and warrant all "emissions-

14   related parts"; (2) on a going forward basis, use the proper standard for

15   determining whether a part is "emissions-related" under the California Emissions

16   Warranty; (3) otherwise accurately and comprehensively apply the California

17   Emissions Warranty in order to properly identify all parts as defined and limited

18   herein that should be covered under the California Emissions Warranty; and (4)

19   enjoin HONDA from further deceptive distribution, sales, and lease practices, and

20   to reimburse both Plaintiff and members of the Classes for the money wrongfully

21   paid by Plaintiff and members of the Classes relating to repairs which should have

22   been covered by HONDA under the California Emissions Warranty.

23          (d)    That the Court declare, adjudge, and decree that HONDA's failure to

24   identify and warrant head gaskets in Class Vehicles pursuant to the California

25   Emissions Warranty constitutes an unfair and unlawful business practice in

26   violation of California Business and Professions, Civil Code sections 17200, *et*

27   *seq.*;

28          (e)    That the Court declare, adjudge, and decree that HONDA's failure to

CLASS ACTION COMPLAINT

identify and warrant head gaskets in Class Vehicles pursuant to the California Emissions Warranty violated the Consumer Legal Remdies Act as codified in California Civil Code sections 1750, *et seq*.

(f)    For declaratory relief pursuant to 28 U.S.C. section 2201 that HONDA is in violation of, and must comply with, the California Emissions Warranty, namely, that HONDA, *inter alia*, identify and cover the head gaskets and other components in Class Vehicles under the California Emissions Warranty;

(g)    An award to Plaintiff and members of the Classes of any repair costs they are owed, reimbursement for all out-of-pocket expenses, including diagnostic costs, that HONDA owners and lessees wrongly paid for head gasket repairs that should properly have been covered by HONDA under the California Emissions Warranty and other amounts to which they may be legally entitled;

(h)    An award to Plaintiff and members of the Classes of damages in an amount to be proven at trial, including disgorgement, for the benefit of the Classes, all or part of the ill-gotten profits it received as a result of the wrongful conduct set forth herein;

(i)    An award of attorneys' fees and costs as allowed by law and/or pursuant to California Code of Civil Procedure § 1021.5;

(j)    An award of pre-judgment and post-judgment interest;

(k)    Leave to amend the Complaint to conform to the evidence produced at trial; and,

(l)    Other relief as may be appropriate under the circumstances.

Dated: November 4, 2022                    Respectfully submitted,

**THE LAW OFFICE OF ROBERT STARR**
**FRONTIER LAW CENTER**

1

2

By: _____ /s/ Robert Starr _____

Robert L. Starr
Manny Starr

3

4

*Attorneys for Plaintiff*

5

6

7

8

DEMAND FOR JURY TRIAL

9

Plaintiff demands a jury trial pursuant to Fed. R. Civ. Pro 38.

10

11

Date: November 4, 2022          **THE LAW OFFICE OF ROBERT STARR**

12

13

/s/ Robert Starr _____
Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28