SHOOK, HARDY, & BACON L.L.P.
Amir Nassihi, SBN 235936
anassihi@shb.com
555 Mission Street, Suite 2300
San Francisco, California 94104
Tel: 415.544.1900 | Fax: 415.391.0281

Michael L. Mallow, SBN 188745
mmallow@shb.com
Frank P. Kelly III, SBN 83473
fkelly@shb.com
2049 Century Park East, #3000
Los Angeles, California 90067
Tel: 424.285.8330 | Fax: 424.204.9093

Attorneys for Defendant
AMERICAN HONDA MOTOR CO., INC.

[additional counsel listed in signature block]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSE ELIAS MORALES AGUIRRE, on behalf of himself and other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | Case No. 4:22-cv-06909-HSG<br><br>**FURTHER JOINT STIPULATION AND ORDER TO MODIFY CASE SCHEDULE (as modified)** |

1. Plaintiff Jose Elias Morales Aguirre ("Plaintiff") and Defendant American Honda Motor Co., Inc. ("AHM" or "Defendant") (collectively the "Parties") respectfully submit this request to further extend the case schedule to complete additional discovery necessary for briefing class certification. Despite the Parties' exercise of "painful diligence" since the last hearing and the issuance of the operative Scheduling Order (ECF 52), discovery is not complete and has been disrupted by the recent Los Angeles fires. For good cause shown, as set forth in detail below, the Parties request an additional ninety (90) days to complete the deposition of CARB, obtain additional CARB documents, complete the 30(b)(6) of AHM, assimilate all information for effective briefing of class certification, and brief the certification motion.

## PROCEDURAL BACKGROUND

On July 8, 2024, the Parties submitted a proposed Joint Stipulation and Order to Modify Case Schedule (ECF 48). This was the first requested extension of the dates in this putative class action. The request was for a roughly six-month extension, with the fact discovery deadline extended from September 14, 2024, to March 3, 2025.

On July 9, 2024, the Court held a Case Management Conference and ordered that the scheduling issue would be revisited at a further conference to be held on August 13, 2024, after additional discovery. The Court further instructed the Parties to suggest new revised dates based on the exercise of "painful diligence" in determining a reasonable request for extending the discovery schedule and that, if the Parties could agree, to submit a revised stipulation and proposed order to modify the case schedule by August 12, 2024. ECF 50.

Subsequently, the Parties submitted an updated Stipulation to extend the dates by four months (ECF 51), which the Court approved and entered as the current operative Scheduling Order. ECF 52. The discovery accomplished to date as a result of the Parties' "painful diligence" since issuance of the current Order includes: (i) three additional document productions by AHM on September 23, 2024, November 1, 2024, and as recently as December 4, 2024, derived from an exhaustive list of search terms that the Parties met and conferred on for several weeks and which were necessary for a complete production; (ii) the 30(b)(6) deposition of AHM, which was not completed; (iii) the deposition of CARB, which was not completed; (iv) a second set of document

1

demands, and an initial set of requests for admissions and special interrogatories propounded by AHM on Plaintiff; (v) AHM's subpoena to CARB for relevant documents and information; and, (vi) scheduling Plaintiff's deposition. In addition, as required by the current deadlines, a mediation took place on January 15, 2025. However, the case did not settle, making the remaining discovery even more critical for certification.

**FACTS SUPPORTING ADDITIONAL REQUESTED TIME**

The 30(b)(6) deposition of AHM was not completed on August 8, 2024, and was scheduled to be completed on January 9, 2025. However, on January 8, 2025, AHM canceled the deposition due to the emergency evacuation and the unavailability of its handling counsel impacted by the Los Angeles fires, and whose home was lost in the Los Angeles "Eaton" fire hours thereafter. AHM's Los Angeles lead counsel who might otherwise have assisted in covering discovery activities this month was also subject to an emergency evacuation that same day, and his home was lost to the "Palisades" fire hours later. The Parties are in the process of rescheduling the deposition, but, in light of the fire impacts, the Parties are unable to confirm new dates prior to the current discovery cutoff.

The deposition of a CARB representative took place on December 5, 2024, regarding CARB's position as to whether the head gasket at issue in this case is a "warranted part" under the California Emissions Warranty. The CARB deposition did not conclude that day, and Plaintiff immediately sought to coordinate with CARB and all counsel to schedule the second session of the deposition as soon as possible. However, due to the holidays, and despite the best efforts of CARB and the State AG defending the CARB deponent, and all counsel (including consideration of multiple proposed dates), the deposition is now being re-set for February 21, 2025, which is the soonest date that all participants are available.

Plaintiff also requested that CARB supplement its production based on information adduced during the first session of the CARB deposition by producing additional documents (including internal analyses, memoranda, emails, and notes) related to whether the head gasket is warranted under the Emissions Warranty. Based on the first deposition, in December 2024, AHM also

subpoenaed documents from CARB following its deposition. CARB is searching for documents, but they will not be produced before either the current discovery cutoff or the deadline for Plaintiff's opening class certification brief. CARB anticipates it will take at least four weeks to produce additional documents.

In addition, Plaintiff has sold his vehicle, AHM is working with Plaintiff to track down contact details of the current owner to try to secure an inspection of the vehicle, and additional time is needed for this.

The Parties require all of the foregoing discovery, including deposition testimony and documents, to adequately brief certification, which the Parties cannot do under the current schedule, which requires Plaintiff's opening brief to be filed by February 7, 2025. Moreover, the ongoing fire situation has continued to impact counsel's ability to litigate this action. The office of Plaintiff's co-lead counsel has been without power and subject to potential evacuations and have been granted extensions to respond to discovery; key counsel for AHM is unavailable; it has been difficult to reschedule witnesses; and the Parties and their counsel have been focusing on evacuation due to the fires and pursuing recovery options for counsels in this case who have lost their homes. The Parties reasonably believe that through the exercise of additional "painful diligence" they can conclude discovery by April 21, 2025, and Plaintiff can file his class certification motion by May 8, 2025.

In addition, based on discovery to date and discussions between counsel, the Parties disagree over a fundamental, threshold legal issue regarding the scope of emissions defect warranty coverage, specifically, whether the California Regulations extend emissions defect warranty coverage to basic mechanical components, such as the head gasket, in Partial Zero Emissions Vehicles (PZEVs). This critical threshold legal issue is central to the claims in this case and will significantly impact the scope and direction of the litigation moving forward. The Parties are considering whether it is procedurally efficient for a form of a motion for legal determination to address this threshold legal question, prior to the briefing of Plaintiff's certification motion. The additional time requested will allow the Parties to work through this issue, and if appropriate, for a summary judgment or other motion seeking a legal determination to be filed.

1  NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED that, subject to Court approval, the schedule is revised as follows:

| Activity | Current Date | Proposed Date |
|---|---|---|
| Non-Expert Discovery Cut Off (including hearing of discovery motions) | January 20, 2025 | April 22, 2025 |
| Deadline for motion for Class Certification, and for disclosures and reports of any experts Plaintiff intends to rely on at class certification | February 7, 2025 | May 8, 2025 |
| Deadline for any opposition to a motion for class certification; for Defendant's disclosures and reports of any experts Defendant intends to rely on at class certification; and for any motion by AHM to limit or exclude Plaintiff's class certification expert testimony based on *Daubert* or any other basis | May 8, 2025 | August 15, 2025 |
| Deadline for Plaintiff's reply in support of a motion for class certification; deadline for Plaintiff to challenge AHM's class certification expert testimony based on *Daubert* or any other basis | July 7, 2025 | November 25, 2025 |
| Hearing on motion for class certification | July 31, 2025 | December 18, 2025 |

IT IS SO STIPULATED.  A proposed Order is submitted concurrently.

Dated: January 13, 2025                Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:     */s/ Amir Nassihi*_____
          AMIR NASSIHI

Attorneys for Defendant
AMERICAN HONDA MOTOR CO., INC.

Dated: January 13, 2025                Respectfully submitted,

POMERANTZ LLP

By:     */s/ Ari Y. Basser*
          ARI Y. BASSER

Jordan L. Lurie, SBN 130013
jllurie@pomlaw.com
Ari Y. Basser, SBN 272618
abasser@pomlaw.com
1100 Glendon Avenue
15th Floor Los Angeles, CA 90024
Telephone: (310) 432-8492

4

Robert L. Starr, SBN 183052
robert@starrlaw.com
THE LAW OFFICE OF ROBERT L. STARR
23901 Calabasas Road, Suite 2072
Calabasas, CA 91302
Tel: 818.225.9040 | Fax: 818.225.9042

Manny Starr, SBN 319778
manny@frontierlawcenter.com
Adam Rose, SBN 210880
adam@frontierlawcenter.com
FRONTIER LAW CENTER
23901 Calabasas Road, #2074
Calabasas, CA 91302
Tel: 818.914.3433

Attorneys for Plaintiff

## **CERTIFICATION OF COMPLIANCE WITH N.D. L.R. 5-1(h)(3)**

Pursuant to L.R. 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the above signatories.

By:     */s/ Ari Y. Basser*
              Ari Y. Basser

# ORDER

PURSUANT TO STIPULATION, THE FOLLOWING SCHEDULE IS ENTERED:

| Activity | Date |
| --- | --- |
| Non-Expert Discovery Cut Off (including hearing of discovery motions) | April 22, 2025 |
| Deadline for motion for Class Certification, and for disclosures and reports of any experts Plaintiff intends to rely on at class certification | May 8, 2025 |
| Deadline for any opposition to a motion for class certification; for Defendant's disclosures and reports of any experts Defendant intends to rely on at class certification; and for any motion by AHM to limit or exclude Plaintiff's class certification expert testimony based on *Daubert* or any other basis | August 15, 2025 |
| Deadline for Plaintiff's reply in support of a motion for class certification; deadline for Plaintiff to challenge AHM's class certification expert testimony based on *Daubert* or any other basis | November 25, 2025 |
| Hearing on motion for class certification | December 18, 2025 at 2 p.m. |

Dated: 1/14/2025

_____
HON. HAYWOOD S. GILLIAM, JR.