SHOOK, HARDY, & BACON L.L.P.
Amir Nassihi, SBN 235936
anassihi@shb.com
555 Mission Street, Suite 2300
San Francisco, California 94104
Tel: 415.544.1900 | Fax: 415.391.0281

Michael L. Mallow, SBN 188745
mmallow@shb.com
Frank P. Kelly III, SBN 83473
fkelly@shb.com
2049 Century Park East, #3000
Los Angeles, California 90067
Tel: 424.285.8330 | Fax: 424.204.9093

Attorneys for Defendant
AMERICAN HONDA MOTOR CO., INC.

[additional counsel listed in signature block]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ELIAS MORALES AGUIRRE, on behalf of himself and other similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>        Defendant. | Case No. 4:22-cv-06909-HSG<br><br>**JOINT STIPULATION REGARDING PLAINTIFF'S PROPOSED MOTION FOR SUMMARY ADJUDICATION; AND ORDER** |

Plaintiff Jose Elias Morales Aguirre ("Plaintiff") and Defendant American Honda Motor Co., Inc. ("AHM" or "Defendant") (collectively the "Parties") respectfully submit this request for the Court's approval to continue the motion for class certification that is currently scheduled to be filed by May 8, 2025, by seventy-five (75) days to avoid simultaneously briefing class certification and AHM's anticipated motion to stay this litigation; to allow AHM to further consider whether, in lieu, of class certification, Plaintiff should file a motion for summary adjudication on the limited issue of whether the head gasket is a warranted part under the California Emissions Warranty as a matter of law; and to resolve a narrow subset of open discovery and deposition issues that impact class certification.

In support of this request, the Parties state as follows:

On January 14, 2025, the Court entered an Order on the Parties' Further Joint Stipulation to Modify Case Schedule which, among other things, rescheduled Plaintiff's motion for class certification to May 8, 2025.  ECF 54.

As a result of the meet and confer process regarding Plaintiff's class certification motion, AHM has stated that it intends to file a motion to stay this litigation on a number of grounds, including the ripeness doctrine, in light of ongoing regulatory discussions related to the issues in this case. Specifically, it is AHM's position, based in part on information provided during depositions in this case, that CARB and AHM have been engaged in meetings and discussions to address the issue of whether the head gaskets at issue in this case should be covered under the California Emissions Warranty.

These discussions were most recently referenced in the recent depositions in this case of CARB's PMK Thomas Montes on February 27, 2025. During his deposition, Mr. Montes was asked about the status of CARB and AHM's ongoing discussions regarding the coverage of certain other parts under the California Emissions Warranty, namely, the torque clutch converter.  Mr. Montes explained that CARB is considering a proposal by Honda for extended warranty coverage on the torque clutch converter. Montes Tr. at 28. In the context of that discussion, Mr. Montes also noted that CARB's ongoing discussions with AHM have included recent discussions concerning the

JOINT STIPULATION REGARDING PLAINTIFF'S PROPOSED
MOTION FOR SUMMARY ADJUDICATION; AND ORDER
CASE NO. 4:22-cv-06909- HSG

coverage of head gaskets. *Id*. at 29. Referring to the nature of the discussions, Mr. Montes stated, "But as I mentioned, this is ongoing and pending; so we *will* have future meetings with Honda to continue these discussions." *See id*. at 28 (emphasis added).

These discussions between CARB and AHM are important to this litigation as one of the important issues in this litigation is whether the head gaskets at issue in this case should be covered under the California Emissions Warranty. Parties respectfully request a reasonable, limited continuance of the class certification motion to allow hearing a motion to stay by AHM, which it anticipates filing on or before April 30, 2025.

During the meet and confer process regarding Plaintiff's motion for class certification (and prior to learning from the CARB deposition about the discussions above between AHM and CARB), the Parties also discussed Plaintiff's proposal to file a motion for summary adjudication, in advance of the current motion for class certification, on the limited issue of whether the head gasket is a warranted part under the California Emissions Warranty as a matter of law. The Parties discussed what other issues might be addressed in the motion such that, following a ruling on the motion for summary adjudication, the Parties would confer regarding next steps in this matter, including whether a motion for class certification would still be required, (and if so, it would likely be more streamlined). This plan is also consistent with the Parties' prior discussion as set forth in the last Joint Stipulation (ECF 53 at 3) ("In addition, based on discovery to date and discussions between counsel, the Parties disagree over a fundamental, threshold legal issue regarding the scope of emissions defect warranty coverage, specifically, whether the California Regulations extend emissions defect warranty coverage to basic mechanical components, such as the head gasket, in Partial Zero Emissions Vehicles (PZEVs). This critical threshold legal issue is central to the claims in this case and will significantly impact the scope and direction of the litigation moving forward. The Parties are considering whether it is procedurally efficient for a form of a motion for legal determination to address this threshold legal question, prior to the briefing of Plaintiff's certification motion.").

In light of the above-referenced ongoing discussions between AHM and CARB regarding whether the head gasket should be covered under the California Emissions Warranty, the Parties have agreed to defer their discussions regarding Plaintiff's summary adjudication motion until there is more clarity regarding CARB's determination.

Further, the Parties have been engaged in a protracted meet and confer arising out of fifty-eight (58) spreadsheets and other vehicle data produced by AHM that Plaintiff is analyzing in connection with class certification, and regarding a FRCP 30(b)(6) deposition of AHM and another deposition of a third party that Plaintiff has noticed and is in the process of confirming regarding that data. Prior to this stipulation and pursuant to this Court's Standing Order, before moving to compel the AHM deposition, Plaintiff sent Plaintiff's portion of the Joint Letter Brief to AHM, and also sent a detailed follow up letter setting forth the exact information that Plaintiff required from AHM. AHM provided a full response to this fully addressing the issues raised. Plaintiff thereafter provided a revised Joint Letter Brief, and AHM's response is pending. The revised schedule discussed herein will also allow the Parties additional time to fully address, and hopefully resolve, the discovery dispute without Court intervention, as well as addressing Plaintiff's recent April 18, 2025 discovery responses and document production, AHM's meet and confers with CARB about supplementation of its production, and AHM's ongoing efforts to pursue a vehicle inspection from the current non-party owner. No new discovery will be propounded by either side.

Accordingly, the Parties respectfully request that this Court continue the class certification schedule by 75 days. The new deadlines are set forth below. Within 60 days of the order on this stipulation, the Parties will submit a status report regarding the status of AHM's discussions with CARB and, if appropriate, a proposed schedule for filing Plaintiff's motion for summary adjudication and temporarily vacating class certification deadlines until the motion for summary adjudication is resolved or a motion to compel the deposition of AHM, as discussed above.

The Parties propose the following schedule in connection with the foregoing request:

JOINT STIPULATION REGARDING PLAINTIFF'S PROPOSED
MOTION FOR SUMMARY ADJUDICATION; AND ORDER

| Activity | Current Date | Proposed Date |
|---|---|---|
| Fact Discovery Cutoff | April 22, 2025 | Parties to continue to address currently pending discovery by June 17, 2025 |
| Deadline to submit updated status report | N/A | 60 days from order on stipulation |
| Deadline for motion for Class Certification, and for disclosures and reports of any experts Plaintiff intends to rely on at class certification | May 8, 2025 | July 22, 2025 |
| Deadline for any opposition to a motion for class certification; for Defendant's disclosures and reports of any experts Defendant intends to rely on at class certification; and for any motion by AHM to limit or exclude Plaintiff's class certification expert testimony based on Daubert or any other basis | August 15, 2025 | October 29, 2025 |
| Deadline for Plaintiff's reply in support of a motion for class certification; deadline for Plaintiff to challenge AHM's class certification expert testimony based on Daubert or any other basis | November 25, 2025 | February 9, 2026 |
| Hearing on motion for class certification | December 18, 2025 | March 5, 2026 |

A proposed Order is submitted concurrently.

If the Court intends to conduct a status conference to discuss any of the foregoing, Plaintiff's lead counsel is unavailable on April 25, 2025.

Dated: April 22, 2025          Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:     /s/ Amir Nassihi
        AMIR NASSIHI

Attorneys for Defendant
AMERICAN HONDA MOTOR CO., INC.

Dated: April 22, 2025          Respectfully submitted,

POMERANTZ LLP

By:     /s/ Ari Y. Basser
        ARI Y. BASSER

Jordan L. Lurie, SBN 130013

4

jllurie@pomlaw.com
Ari Y. Basser, SBN 272618
abasser@pomlaw.com
1100 Glendon Avenue
15th Floor Los Angeles, CA 90024
Telephone: (310) 432-8492

Robert L. Starr, SBN 183052
robert@starrlaw.com
THE LAW OFFICE OF ROBERT L. STARR
23901 Calabasas Road, Suite 2072
Calabasas, CA 91302
Tel: 818.225.9040 | Fax: 818.225.9042

Manny Starr, SBN 319778
manny@frontierlawcenter.com
Adam Rose, SBN 210880
adam@frontierlawcenter.com
FRONTIER LAW CENTER
23901 Calabasas Road, #2074
Calabasas, CA 91302
Tel: 818.914.3433

Attorneys for Plaintiff

## CERTIFICATION OF COMPLIANCE WITH N.D. L.R. 5-1(h)(3)

Pursuant to L.R. 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the above signatories.

By:    */s/ Ari Y. Basser*
       Ari Y. Basser

JOINT STIPULATION REGARDING PLAINTIFF'S PROPOSED
MOTION FOR SUMMARY ADJUDICATION; AND ORDER
CASE NO. 4:22-cv-06909- HSG

**ORDER**

PURSUANT TO STIPULATION, THE FOLLOWING SCHEDULE IS ENTERED:

| Activity | Current Date | Proposed Date |
|---|---|---|
| Fact Discovery Cutoff | April 22, 2025 | Parties to continue to address currently pending discovery by June 17, 2025 |
| Deadline to submit updated status report | N/A | 60 days from order on stipulation |
| Deadline for motion for Class Certification, and for disclosures and reports of any experts Plaintiff intends to rely on at class certification | May 8, 2025 | July 22, 2025 |
| Deadline for any opposition to a motion for class certification; for Defendant's disclosures and reports of any experts Defendant intends to rely on at class certification; and for any motion by AHM to limit or exclude Plaintiff's class certification expert testimony based on Daubert or any other basis | August 15, 2025 | October 29, 2025 |
| Deadline for Plaintiff's reply in support of a motion for class certification; deadline for Plaintiff to challenge AHM's class certification expert testimony based on Daubert or any other basis | November 25, 2025 | February 9, 2026 |
| Hearing on motion for class certification | December 18, 2025 | March 5, 2026 |

Dated:  April 22, 2025

_____
HON. HAYWOOD S. GILLIAM, JR.



DENIED

Judge Haywood S. Gilliam Jr.