UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ELIAS MORALES AGUIRRE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CORPORATION, INC.,<br><br>Defendant. | Case No. 22-cv-06909-HSG<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, MOTION TO STAY**<br><br>Re: Dkt. No. 58 |

Pending before the Court is Defendant's motion for judgment on the pleadings, or in the alternative, motion to stay. Dkt. No. 58 ("Mot."); Dkt. No. 61 ("Opp."); Dkt. No. 63 ("Reply"). The Court finds this matter appropriate for disposition without oral argument, and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **DENIES** the motion.

**I.   BACKGROUND**

In 2022, Plaintiff filed a class action complaint alleging that Defendant unlawfully denied coverage for the head gaskets in class members' vehicles under their extended 15-year/150,000-mile warranty in violation of the California Emissions Warranty. *See* Dkt. No. 1 (original complaint); Dkt. No. 35, August 2023 Second Amended Complaint ("SAC") ¶ 1. Plaintiff brings one cause of action under California Business and Professions Code Sections 17200 *et seq.* SAC ¶ 3. Discovery concluded in April 2025, at which time the parties proposed an extension to the scheduling order, and Defendant indicated it would move to stay under the ripeness doctrine, "based in part on information provided during [February 2025] depositions." *See* Dkt. No. 55 at 2. The Court denied the proposed extension. Dkt. No. 56. Plaintiff promptly filed his motion for class certification on May 8, 2025. Dkt. No. 57. A month and a half later, Defendant filed this motion. Dkt. No. 58.

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). If a lack of subject matter jurisdiction is asserted in a motion for judgment on the pleadings, courts apply the same standards as if the challenge were brought under Rule 12(b)(1). *See Yu v. Designed Learned, Inc.*, No. 3:15-CV-5345-LB, 2016 WL 7033978, at *2 (N.D. Cal. Dec. 2, 2016).

## III. DISCUSSION

Defendant urges the Court to decline jurisdiction over Plaintiff's claim under the prudential ripeness doctrine. Mot. at 6. Defendant argues that the California Air Resources Board ("CARB") and Defendant are "engaged in ongoing meetings and discussions regarding CARB's position . . . [as to] whether particular components (such as head gaskets) fall within the scope of the California Emissions Warranty." *Id.* at 12–13. Defendant contends that, because Plaintiff "heavily relies on CARB's interpretation of the scope of the California Emissions Warranty" and "CARB's 'determination' regarding whether the head gasket is a 'warranted part,'" this Court will be "in a better position to adjudicate the issues" after the discussions conclude. *Id.* at 10, 13. In particular, Defendant argues that a determination that the head gasket is not covered by the California Emissions Warranty would bar Plaintiff's claim. *Id.* at 14 (discussing a similar holding in *Martin v. Ford Motor Co.*, 2025 WL 1012299 (C.D. Cal. Mar. 28, 2025), *reconsideration denied*, 2025 WL 2231026 (C.D. Cal. July 31, 2025)).

"Prudential ripeness turns on two considerations: (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Flaxman v. Ferguson*, 151 F.4th 1178, 1188 (9th Cir. 2025) (quotation omitted). The fitness prong is satisfied when "the issues raised are primarily legal, do not require further factual development, and the challenged action is final." *Stockton v. Brown*, 152 F.4th 1124, 1149 (9th Cir. 2025) (quotation omitted). "Unlike Article III ripeness, '[p]rudential considerations of ripeness are discretionary.'" *Flaxman*, 151 F.4th at 1188 (quoting *Planned Parenthood Great Nw., Haw., Alaska, Ind., Ky. v. Labrador*, 122 F.4th 825, 840 (9th Cir. 2024)) (alteration in original).

This issue is fit for judicial decision. As Judge Breyer already held, the Court "is capable

of adjudicating the questions in this case," since "CARB does not require expert advice or regulatory consent to determine which parts are emissions related," and "[d]etermining whether the head gasket is an emission-related part will not require sifting through a complex regulatory scheme." Dkt. No. 33 at 21–22. Plaintiff's legal position—that the head gasket is an emissions-related part that should have been covered—is largely "one of statutory interpretation" that would only slightly benefit from "further factual development of the issues presented." *Cf. Whitman v. Am. Trucking Associations*, 531 U.S. 457, 479 (2001) (quotation omitted); *see also* SAC ¶¶ 10–39 (analyzing the statutory language); Mot. at 14 (Defendant noting that it would challenge CARB's interpretation if it determines the head gasket is covered by the California Emissions Warranty). "Because [Plaintiff's] claim is fit for review now," the Court "need not and [does] not reach the second prong of the prudential ripeness inquiry." *Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care*, 968 F.3d 738, 753 (9th Cir. 2020).

Defendant claims that its ongoing discussions with CARB may give Defendant a safe harbor defense, and the Court should await this further factual development. *See* Mot. at 14. Defendant's argument is almost entirely based on a single quote from CARB PMQ Thomas Montes in a February 27, 2025 deposition, where he stated that "[CARB] will have future meetings with Honda to continue" discussions about "Honda's interpretation of the California Emissions Warranty." Dkt. No. 58-4 at 28:17–25. But Montes was primarily referencing discussions about a torque clutch converter. *Id.* at 28:7–29:18. And, when asked whether the head gasket was being discussed, he agreed that the discussion broadly covered mechanical parts like the head gasket, but he "[could not] recall if those specific parts were identified by name." *Id.* Despite Plaintiff's challenge to the sufficiency of these facts, Opp. at 10, Defendant has provided no evidence that these discussions occurred—or will occur—after this single comment in February 2025.[1] This Court will not decline to hear a case based on a remote chance that a regulatory body

---

[1] The Court is not persuaded that a currently-pending CARB questionnaire asking other car manufacturers about how they interpret what constitutes an emission-related component somehow suggests CARB is likely to issue guidance about the head gasket simply because it knew about this lawsuit at the time it prepared the questionnaire. *See* Mot. at 13.

3

will change its position in the future.[2] *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167 (2014) (noting that "a federal court's obligation to hear and decide cases within its jurisdiction is virtually unflagging" (quotation omitted)).

The Court also declines to impose a stay. Defendant argues that granting a six month stay "would ensure economy of time and effort for this Court [and the parties] because [Defendant] and CARB's ongoing discussions regarding the coverage of head gaskets under the California Emissions Warranty may result in a narrowed scope for this litigation." Mot. at 17. In deciding to grant a stay, courts consider (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The decision to stay is discretionary. *Id.* As discussed above, the Court will not exercise its discretion to stay a case that has already been pending for more than three years for an issue that the Court is readily able to adjudicate on the small chance that CARB may change its mind at some point in the future.

## IV. CONCLUSION

The Court **DENIES** Defendant's motion for judgment on the pleadings and its motion for a stay, Dkt. No. 58.

**IT IS SO ORDERED.**

Dated: 10/29/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Defendant confusingly reframes several of its arguments as issues of exhaustion and finality in the Reply, but the crux of its argument remains that the Court should wait until CARB finishes deciding this issue. *See* Reply at 6–9. Without deciding the extent to which these issues are relevant and properly before the Court, Defendant has not shown that CARB is likely to consider this issue at all or that the Court needs it to do so before it may rule.

4